UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL 268,
       Plaintiff,

  v.                                                 Case No. 06C0059

TRI-STATE TRAFFIC SERVICES, INC.,
       Defendant.

---

## ORDER

On January 13, 2006, plaintiff Laborers' International Union of North America, Local 268 initiated this action against defendant Tri-state Traffic Services, Inc., under 29 U.S.C. § 185 and 28 U.S.C. § 1337 to enforce an arbitration award arising from a collective bargaining agreement. Despite being served with process, defendant failed to appear. The Clerk of the Court has entered default against defendant in accordance with Fed. R. Civ. P. 55(a). Plaintiff also filed a motion for default judgment and, despite being served with this motion, defendant has not responded.

There are two stages in a default proceeding: the entry of the default, and the actual default judgment. In re Catt, 368 F.3d 789, 793 (7th Cir. 2004). Rule 55(a), pertaining to entries of default, provides that: "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." In the present case, plaintiff filed an application for entry of default and the Clerk of Court has entered default against defendant in accordance with Rule 55(a). Upon the entry of

default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).

In this case, plaintiff's complaint, now deemed true, alleges that plaintiff brought a grievance against defendant before the Wisconsin Laborer's District Council for violation of a collective bargaining agreement between the parties. On July 6, 2005, with defendant in attendance, the committee heard this grievance and unanimously sustained the grievance. Plaintiff placed a copy of the committee decision on the record. That decision ordered defendant to pay fringes to James Reiter and drop a five day pay penalty, pay $21,200 to plaintiff, sign all employees into the union or remove them from the job site, pay all past fringe benefits to various fringe benefit funds, and to comply with the decision at future sites. The decision ordered defendant to comply within 30 days. As of the time that plaintiff filed its complaint, more than 90 days had elapsed since defendant received a copy of the committee's decision, and defendant had not complied. Thus, plaintiff has properly alleged a violation of an enforceable grievance committee decision under § 185 and default judgment is proper.

Plaintiff additionally requests attorney fees in the amount of $870 and costs in the amount of $299.78. It has submitted an affidavit laying out the basis for the fees and costs. Although § 185 does not expressly authorize the award of attorney's fees, a prevailing party is entitled to such fees if the opponent's arguments have no merit or are frivolous. See Chrysler Motors Corp. v. International Union, Allied Industrial Workers, etc., 959 F.2d 685, 689 (7th Cir. 1992). Because defendant has failed to answer plaintiff's complaint to put forth any meritorious argument, I find that plaintiff is entitled to attorney

2

fees. Moreover, a review of plaintiff's affidavit shows that the fees and costs requested are reasonable. Therefore, I will order defendant to pay to plaintiff fees and costs totaling $1,169.78.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Tri-State Traffic Services comply with the July 6, 2005, Wisconsin Laborer's District Council award in plaintiff's favor.

**IT IS ALSO ORDERED** that defendant Tri-State Traffic Services pay to plaintiff fees and costs in the amount of $1,169.

**IT IS FURTHER ORDERED** that judgment be entered accordingly.

Dated at Milwaukee, Wisconsin this 17 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge